ROBERT B. GRIFFIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 30967.   Promulgated September 13, 1929.

*Albert R. Palmer, Esq.*, and *Harry W. Stelle, Jr., Esq.*, for the
petitioner.

*Bruce A. Low, Esq.*, for the respondent.

LITTLETON: We are unable to distinguish the principle here presented from that before us in *Arthur H. Ingle*, 1 B. T. A. 595, wherein we held that the cost of buildings voluntarily removed from land in preparation for the future use of such land for other purposes is not a deductible loss, even though the plans with respect to the future use of the land may fail of realization. The exact date in 1924 when the demolition of the second building was completed and the proposed construction plans were abandoned is not shown, but it does appear that land, with the buildings in question located thereon, was purchased in 1922 for the purpose of constructing an apartment house on the location of these buildings; that in 1923 and 1924 the buildings were demolished; and that in 1924, after plans had been prepared in 1923 for the proposed building and bids had subsequently been secured which were much higher than was anticipated, the construction project was abandoned. That is, purchase of land and buildings and demolition of the buildings for the purpose of preparing the land for another type of improvement were a part of the same plans, and these plans were abandoned at or about the time the demolition was completed or shortly thereafter. We are of the opinion that a deductible loss is not shown to have been sustained under such circumstances. The fact that a definite part of the cost is attributable to the buildings is not material; clearly it was not a building or buildings which the petitioner desired, but a location for the proposed apartment house. It would certainly be unreasonable not to look beyond the money consideration involved in a transaction in order to determine gain or loss, where a building was purchased for $7,500 and almost immediately disposed of upon voluntary demolition for $25. The motivating cause for such destruction and disposition was the improvement of the land for some purpose other than that for which it was then being used. And even though the plans in contemplation when the purchase and demolition took place were abandoned, this does not necessarily mean that the removal of the buildings did not make the land more valuable for some other purpose. The cases cited by petitioner, *First National Bank of Evanston, Wyo.*, 1 B. T. A. 9; *Steinbach Co.*, 3 B. T. A. 348; and *C. U. Connellee*, 4 B. T. A. 359, are easily distinguishable from the case at bar.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

STERNHAGEN, dissenting: It is stipulated as a fact that the two buildings cost $7,500 and $7,000 respectively, and that they were de-

molished in 1923 and 1924. The conclusion seems to me to follow that the buildings were gone and there was a loss of their cost. There is no room for equivocation as to whether the investment in the land included any value for the buildings or that the buildings were a worthless burden on the land, for whatever may have been the investment in the land, the buildings had their separate stipulated cost. If there were any dispute as to the propriety of an allocation of cost as between land and buildings or as to its amount, or as to whether the buildings had any cost, it might be that evidence on that subject would justify the view that no part of the cost should be attributed to the buildings or that the allocation was artificial and erroneous. In that case the entire investment would be in the site, and clearing it by demolishing the buildings might be an improvement instead of a loss. But here the cost of the buildings is stipulated and there is no warrant to shift it to the land, which, so far as appears, may not be able to bear it.