THE HILLSIDE NATIONAL BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82927.   Filed March 10, 1961.

*John A. Conlin, CPA,* for the petitioner.
*Arthur Pelikow, Esq.,* for the respondent.

OPINION.

RAUM, *Judge:* Respondent determined a deficiency in the income tax of petitioner for the year 1956 in the amount of $12,307.69. The question for decision is whether petitioner, which acquired two parcels of improved property for the purpose of providing access to its parking lot, is entitled to deduct losses claimed to have been sustained in 1956 as the result of the demolition of a building on one property and the removal and sale of a building on the other property. All of the facts have been stipulated.

Petitioner, a national bank, has its principal place of business at the corner of North Broad Street and Ridgway Avenue, Hillside, New

Jersey. The front entrance is on North Broad Street. On June 29, 1954, it acquired, for use as a parking lot, a large piece of unimproved land obliquely to the rear of its premises and noncontiguous therewith, but with one strip of land providing access to North Broad Street and another to Ridgway Avenue (at No. 41 Ridgway Avenue). Neither of those strips is contiguous to the bank's premises, and it apparently regarded neither of them as suitable for ingress to or egress from the parking lot. However, there were two properties on Ridgway Avenue, No. 9, adjacent to the bank's premises, and No. 11, next to No. 9, both of which led into the parking lot. Petitioner regarded the properties at 9 and 11 Ridgway Avenue as providing a suitable corridor to the parking lot. Each of these two properties had a dwelling thereon. Petitioner acquired 11 Ridgway Avenue on December 16, 1954, and 9 Ridgway Avenue on July 12, 1956.

For a period of undisclosed duration petitioner received rent with respect to the dwelling at 11 Ridgway, but in October 1955 it removed the dwelling to the vacant strip of land owned by it at 41 Ridgway Avenue, which it sold, together with the dwelling, on July 12, 1956. The dwelling at 9 Ridgway was demolished in 1956, so that the lots at 9 and 11 Ridgway together might provide an entrance to the parking lot. The use of 9 and 11 Ridgway for that purpose was at that time unauthorized by zoning limitations, but petitioner was endeavoring to obtain changes in the zoning restrictions so as to permit such use. Its efforts in that direction turned out to be unsuccessful and the land at 9 and 11 Ridgway has remained vacant until the present time.

The parties have stipulated that the "cost" of the property at 41 Ridgway, which it sold on July 12, 1956, for $6,500, was as follows:

| | |
|---|---:|
| Allocated cost of land | $2,000.00 |
| Allocated cost of building moved from 11 Ridgway Avenue | 9,409.68 |
| Cost of moving building | 6,082.00 |
| Total | 17,491.68 |
| Less depreciation claimed and allowed | 808.48 |
| | 16,683.20 |
| Cost of painting, electrical wiring, and repairs prior to sale | 1,701.95 |
| Total cost | 18,385.15 |

In its 1956 income tax return petitioner claimed deductions aggregating $11,885.15 (the difference between the "cost" and amount received) in relation to the sale of 41 Ridgway, as follows: $10,183.20 as a loss from the sale of property other than capital assets, and $1,701.95 as "other real estate maintenance expense." It also claimed deduction for loss in the amount of $11,783.49 in the same return in respect of the demolition of the building at 9 Ridgway. That loss was computed as follows:

| | |
|---|---:|
| Cost of land and building | $11,761.29 |
| Less allocated value of land | 1,027.80 |
| | |
| Net cost of building | 10,733.49 |
| Cost of demolition in 1956 | 1,050.00 |
| | |
| Loss of useful value in 1956 claimed | 11,783.49 |

In making the adjustment resulting in the determination of deficiency the Commissioner stated:

> (a) It has been determined that the amounts of $11,783.49 and $11,885.15 claimed as losses sustained in the year 1956 on the demolition of a building at 9 Ridgeway Avenue and removal of a building from 11 Ridgeway Avenue to 41 Ridgeway Avenue, all in Hillside, New Jersey, respectively, for the purpose of making available an ingress and egress to a parking lot are not allowable deductions.

We think that the Commissioner's determination must be approved. It has been a rule of long standing, reflected in Revenue Ruling 55–110, 1955–1 C.B. 280, that:

> Where a taxpayer purchases property, with the intention of removing the old buildings thereon, and then either erecting a new building thereon or using the property without any additional improvements, no deductible loss or expense is sustained or incurred upon the removal of such old buildings. The removal costs constitute a part of the basis of the land acquired. Section 39.23(e)–2 of Regulations 118, and O.D. 1031, C.B. 5, 141 (1921). Further, the basis of such property must be reduced by the amounts of any payments received from the sale of the old buildings.[1]

Although the removal or destruction of a building may in some circumstances result in a deductible loss (cf. *Parma Co.*, 18 B.T.A. 429), it is well established that where the property was purchased with the intention of removing the building no deduction is available (cf. *N. W. Ayer & Son, Inc.*, 17 T.C. 631, 635; *Lynchburg National Bank & Trust Co.*, 20 T.C. 670, affirmed 208 F. 2d 757 (C.A. 4); *Providence Journal Co.* v. *Broderick*, 104 F. 2d 614, 616 (C.A. 1); *Blumenfeld Enterprises, Inc.*, 23 T.C. 665, 670, affirmed 232 F. 2d 396 (C.A. 9)). In the *Lynchburg* case, it was said (20 T.C. at 673–674):

> Where, as here, there is a purchase of land with the intent to demolish a building situated thereon and erect a new one, no part of the price paid is allocable to the building, since it is deemed that the building has no value to the purchaser and it is the land which is purchased and which alone has value. The

---

[1] See also Treasury regulations, sec. 1.165–3(a)(1), T.D. 6445, 1960–1 C.B. 93, 98:

Sec. 1.165–3 DEMOLITION OF BUILDINGS.—(a) *Intent to demolish formed at time of purchase.*—(1) Except as provided in subparagraph (2) of this paragraph, the following rule shall apply when, in the course of a trade or business or in a transaction entered into for profit, real property is purchased with the intention of demolishing either immediately or subsequently the buildings situated thereon: No deduction shall be allowed under section 165(a) on account of the demolition of the old buildings even though any demolition originally planned is subsequently deferred or abandoned. The entire basis of the property so purchased shall, notwithstanding the provisions of section 1.167 (a)–5, be allocated to the land only. Such basis shall be increased by the net cost of demolition or decreased by the net proceeds from demolition.

entire purchase price, therefore, represents the cost of the land and becomes the purchaser's basis. *N. W. Ayer & Son, Inc.*, 17 T.C. 631. The fact that a certain value was placed on the building at the time of purchase, that the buildings were rented and rent collected, and depreciation claimed is deemed immaterial. The original intention is the determining factor. *Providence Journal Co.* v. *Broderick*, 104 F. 2d 614. Therefore, the old building had a basis of zero to the petitioner. * * *

As already noted, petitioner purchased the properties at 9 and 11 Ridgway Avenue for the purpose of acquiring the land for use as a corridor to its parking lot. The buildings on these properties at the time of their purchase had no value to petitioner for the purpose for which they were acquired and had to be demolished or removed in order that that purpose might not be frustrated. The cost of the land to petitioner consisted of the purchase price it paid to the vendors, increased by the cost of demolishing or removing the buildings, and decreased by the amounts which it received for the building removed and sold. See Rev. Rul. 55–110, 1955–1 C.B. 280. The fact that it failed to obtain favorable modification of the zoning restrictions so as to use the land at 9 and 11 Ridgway for the purpose originally intended by it, cannot retroactively convert these otherwise nondeductible items in controversy into deductible losses. Cf. *Robert B. Griffin*, 17 B.T.A. 255. It has not sold or otherwise disposed of the land and, until it does, it cannot be determined whether it will realize a taxable gain or a deductible loss. In the circumstances, we hold that the respondent did not err in disallowing the deduction of the losses claimed in its 1956 return.

*Decision will be entered for the respondent.*